UNITED STATES DISTRICTCOURT
DISTRICT OF CONNECTICUT

GRIEVANCE COMMITTEE OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT     NO. 3:19-gp-0001(VAB)

VS.

SCOTT GARVER     MAY 29, 2019

### GRIEVANCE COMMITTEE'S RECOMMENDATION
### FOR DISCIPLINE WITH AGREEMENT

On April 1, 2019, the Grievance Committee of the United States District Court for the District of Connecticut petitioned this Court to impose reciprocal discipline on Scott Garver ("Respondent"), for the reasons set forth therein. The undersigned counsel for the Grievance Committee represents as follows:

1. Respondent was admitted to the Bar of this Court on November 8, 1976, and has no pending cases in this court.

2. Local Rule 83.2(f)(2) requires that when an attorney licensed to practice before this Court is disciplined by order of the Connecticut Superior Court, Counsel for the Grievance Committee petition this Court to impose identical discipline.

3. The state court disciplinary action was initiated by a presentment filed by the Office of the Chief Disciplinary Counsel based on a grievance filed by a former client of the Respondent. The presentment alleged that Respondent violated the Rules of Professional Conduct by failing to act with reasonable diligence on a post-bankruptcy matter, failing to keep his client reasonably informed regarding the status of matters, failing to promptly comply with requests for information and failing to respond to the grievance complaint.

4. On October 18, 2018, the Connecticut Superior Court entered an Order suspending the Respondent from the practice of law for a period of 60 days commencing on November 1, 2018. See State Court Order dated October 18, 2018 and State Court Presentment, attached hereto as Exhibit A.

5. Respondent has answered the Presentment and admitted to the allegations included therein, and indicated that he consents to the imposition of reciprocal discipline in the form of an order of suspending him for the same period of time as that imposed by the State court, sixty days, retroactive to the dates of the state court suspension commencing on November 1, 2018. Respondent has also confirmed, via email, that he consents to the terms set out in this recommendation.

6. The Grievance Committee believes that a reciprocal, retroactive sixty-day suspension for the conduct for which Respondent was suspended is reasonable.

Therefore, the Committee recommends, upon consent of the Respondent, that this Court enter an order, without hearing, imposing a sixty-day suspension, retroactive from November 1, 2018 through December 31, 2018, provided that Respondent submit a certificate of good standing from the State bar.

Respectfully submitted,

THE GRIEVANCE COMMITTEE OF THE
UNITED STATES DISTRICT COURT FOR
FOR THE DISTRICT OF CONNECTICUT

By _____
Jennifer N. Willcox
Its Counsel
Yale New Haven Health
789 Howard Avenue, CB 230
New Haven, CT 06515
Telephone: 203-688-9966
Facsimile: 203-688-3162

Jennifer.Willcox@ynhh.org

Jennifer.Willcox@ynhh.org

## Certificate of Service

A copy of the foregoing has been sent, via electronic mail, on May 29, 2019, to:

Scott Garver
Scottg5@cox.net

and to:
James Glasser, Esq.
jglasser@wiggin.com

_____
Jennifer N. Willcox

# EXHIBIT A

3:19gp1(VAB)

RECEIVED
2018 OCT 22 AM 11:23

| | |
|---|---|
| DOCKET NO. UWY-CV-18-6042742S | : SUPERIOR COURT |
| OFFICE OF CHIEF DISCIPLINARY COUNSEL | : J.D. OF WATERBURY |
| VS. | : AT WATERBURY |
| SCOTT A. GARVER | : OCTOBER 18, 2018 |

## ORDER

The foregoing matter having been heard, the Court hereby finds that the Respondent, Scott A. Garver, Juris No. 021880, has engaged in misconduct in that he has violated Rules 1.3, and 1.4(a)(3) and (4) of the Rules of Professional Conduct, as well as §2-32(a)(1) of the Connecticut Practice Book, all as more fully set forth in the Presentment of Attorney for Misconduct dated August 13, 2018.

Accordingly, it is hereby ORDERED that:

1. The Respondent, Scott A. Garver, Juris No. 021880, be suspended from the practice of law for a period of sixty (60) days, commencing on November 1, 2018.

2. Attorney William L. Stevens, Juris No. 101788, of 27 Siemon Company Drive, Watertown, CT 06795, is hereby appointed as Trustee to take such steps as are necessary to protect the interests of Respondent's clients, to inventory Respondent's files, and to take control of the Respondent's clients' funds accounts. The Respondent shall cooperate with the Trustee in this regard.

3. The Respondent shall not deposit to, or disburse any funds from, his clients' funds accounts.

Office of Chief Disciplinary Counsel
100 Washington Street, Hartford, CT 06106
Tel (860) 706-5055 * Fax (860) 706-5063
Juris no. 422382

4. The Respondent shall comply with Practice Book §2-47B (Restrictions on the Activities of Deactivated Attorneys).

By the Court,

10/18/2018
DATE

*(signature)*
JUDGE / ~~CLERK~~
(Agati, J.)

STATE OF CONNECTICUT
SUPERIOR COURT
JUDICIAL DISTRICT OF
WATERBURY

OCT 18 2018

CERTIFIED COPY
SEAL AFFIXED
BY *(signature)*
CLERK

Office of Chief Disciplinary Counsel
100 Washington Street, Hartford, CT 06106
Tel (860) 706-5055 * Fax (860) 706-5063
Juris no. 422382

| | | |
|---|---|---|
| DOCKET NO. UWY-CV-18- | : | SUPERIOR COURT |
| OFFICE OF CHIEF DISCIPLINARY COUNSEL | : | J.D. OF WATERBURY |
| VS. | : | AT WATERBURY |
| SCOTT A. GARVER | : | AUGUST 13, 2018 |

## PRESENTMENT OF ATTORNEY FOR MISCONDUCT

To the Superior Court within and for the Judicial District of Waterbury, now in session, comes now the Office of Chief Disciplinary Counsel, duly authorized and appointed pursuant to Practice Book §2-34A, and makes presentment to the Court that Scott A. Garver, having an office in Waterbury, Connecticut, has been guilty of misconduct involving his character, integrity, and professional standing and conduct, and complains and says:

1.  Scott A. Garver, Juris #021880 (hereinafter "the Respondent") is an attorney duly admitted to the bar of the State of Connecticut on October 7, 1975. The Respondent has a history of discipline in that he was suspended for three (3) years in 1997, he received a reprimand from the Statewide Grievance Committee on May 24, 2013, he was suspended for seven (7) months in 2013, he was suspended for four (4) months in 2014, and he received a court reprimand on July 31, 2015.

Office of Chief Disciplinary Counsel
100 Washington Street
Hartford, CT 06106
Juris #422382
(Ph) 860-706-5055 (Fx) 860-706-5063

2.	On or about December 15, 2017, Kama Cherry, a client of the Respondent, (hereinafter "the Complainant") filed a grievance complaint (#17-0841) against the Respondent alleging unethical conduct.

3.	On March 2, 2018, the Waterbury Grievance Panel found probable cause that the Respondent violated Rules 1.3, 1.4(a)(1)(2)(3)(4) and (5), and 8.4(4) of the Rules of Professional Conduct, and §2-32(a)(1) of the Connecticut Practice Book.

4.	On May 10, 2018, a hearing was held before a reviewing committee of the Statewide Grievance Committee.

5.	By Decision dated June 8, 2018 (attached hereto as Exhibit A), the reviewing committee found, by clear and convincing evidence, the following violations of the Rules of Professional Conduct:

a.	Violation of Rule 1.3 (Diligence) in that the Respondent was not diligent in his representation of the Complainant in 2015 regarding post-bankruptcy issues. Specifically, the reviewing committee found that the Respondent agreed to assist the Complainant in these matters and thereafter made only two telephone calls to the lender over a two year period. Furthermore, the Respondent acknowledged that these phone calls did not involve any substantive discussions. The reviewing committee also found that it appeared that the Respondent took no further action.

b.  Violation of Rule 1.4(a)(3) and (4) (Communication) in that the Respondent failed to keep the Complainant reasonably informed during the period of 2015 through 2017. Specifically, the Respondent failed to keep the Complainant reasonably informed regarding the status of his efforts to resolve the matter with the bank in 2015 and failed to promptly comply with the Complainant's requests for information during this time. The Respondent never advised the Complainant that he could not obtain a reaffirmation agreement after the bankruptcy discharge and that the most he could do would be to try and get the bank to consider the loan in good standing and report her mortgage payments to the credit bureau. In addition, the Respondent failed to respond to the Complainant's emails and other communications and when he did, he failed to provide her with any substantive information.

c.  Violation of §2-32(a)(1) of the Connecticut Practice Book in that the Respondent failed to establish good cause for his failure to respond to the grievance complaint.

6.  The reviewing committee ordered that the Respondent be presented to the Superior Court for the imposition of whatever discipline is deemed appropriate.

WHEREFORE, the Petitioner, Office of Chief Disciplinary Counsel, prays that such proceedings may be had on this complaint as is provided by law and the rules of the

Office of Chief Disciplinary Counsel<br>
100 Washington Street<br>
Hartford, CT 06106<br>
Juris #422382<br>
(Ph) 860-706-5055 (Fx) 860-706-5063

Court, that an appropriate order of discipline be issued against the Respondent, and that costs and expenses be taxed against the Respondent.

Dated at Hartford, Connecticut, this 13th day of August, 2018.

    THE PETITIONER
    OFFICE OF CHIEF DISCIPLINARY COUNSEL


By: _/s/ Leanne M. Larson_
    Leanne M. Larson
    Assistant Chief Disciplinary Counsel
    100 Washington Street
    Hartford, CT 06106
    Phone (860) 706-5055
    Fax (860) 706-7063
    Juris No. 422382

# EXHIBIT A

EXHIBIT A

STATEWIDE GRIEVANCE COMMITTEE

Kama Cherry
    Complainant                             :

vs.                                                   :        Grievance Complaint #17-0841

Scott Garver
    Respondent                              :

DECISION

      Pursuant to Practice Book §2-35, the undersigned, duly-appointed reviewing committee of the Statewide Grievance Committee, conducted a hearing at the Superior Court, 80 Washington Street, Hartford, Connecticut on May 10, 2018. The hearing addressed the record of the complaint filed on December 18, 2017, and the probable cause determination filed by the Waterbury Judicial District Grievance Panel on March 15, 2018, finding that there existed probable cause that the Respondent violated Rules 1.3, 1.4(a)(1), (2), (3), (4) and (5) and 8.4(4) of the Rules of Professional Conduct and Practice Book §2-32(a)(1).

      Notice of the May 10, 2018 hearing was mailed to the Complainant, to the Respondent and to the Office of the Chief Disciplinary Counsel on March 28, 2018. Pursuant to Practice Book §2-35(d), Assistant Disciplinary Counsel Leanne Larson pursued the matter before this reviewing committee. The Complainant and the Respondent appeared at the hearing and testified.

      On the date of this hearing, there was a vacancy on this reviewing committee. The Assistant Disciplinary Counsel and the Respondent waived the participation of a third reviewing committee member in the consideration and decision of this matter. Accordingly, the matter was considered and decided by the undersigned.

      This reviewing committee finds the following facts by clear and convincing evidence:

      The Complainant retained the Respondent in September of 2012 to represent her in a Chapter 7 bankruptcy proceeding. The Complainant paid the Respondent a retainer of $1,200. The Respondent filed the bankruptcy petition in October of 2012 and listed the Complainant's home in Waterbury as an asset and the mortgagor on the property as a creditor. The Complainant received a discharge of her debts in March of 2013. Thereafter, in 2015, the Complainant tried to refinance her property and was advised by the lender that she could not do so because the original loan was never reaffirmed in the bankruptcy proceedings and as a result, the payments the Complainant had been making towards her mortgage were not being reported to the credit bureaus, which negatively affected her credit rating. The Complainant subsequently contacted the Respondent and explained the difficulty she was having obtaining a loan to do some improvements to her property and advised the Respondent that the lender told her that this was because she had not signed a reaffirmation of debt agreement. The Respondent advised the Complainant that he would contact the lender to

Grievance Complaint #17-0841
Decision
Page 2

resolve the matter.

      The Complainant communicated with the Respondent on four occasions in 2015 and four occasions in 2016 regarding the status of the matter. On one occasion, the Respondent advised the Complainant that he was out-of-town and on another occasion he advised the Complainant that he had been hospitalized. The Complainant sent an email to the Respondent on October 11, 2017, indicating that the Respondent had agreed to call her on September 18, 2017 regarding the reaffirmation form, but had failed to do so. The Respondent subsequently called the Complainant on October 12, 2017 and discussed the matter with her. On October 13, 2017, the Complainant sent an email to the Respondent, confirming that the Respondent would contact the mortgage lender and submit the reaffirmation form by the following week as he indicated in the October 12, 2017 telephone conversation. Failing to hear from the Respondent, the Complainant sent an email to the Respondent on October 28, 2017, indicating that the form had still not been filed. The Respondent did not respond to these emails and never obtained a reaffirmation agreement, resulting in the filing of this grievance complaint.

      On December 20, 2017, a copy of the grievance complaint was sent to the Respondent's registered office address by certified mail. The complaint was delivered and accepted on December 27, 2017. The Respondent was directed to file a written response to the grievance complaint within 30 days. Thereafter, on December 22, 2017, grievance panel counsel sent a letter to the Respondent at his registered office address, directing the Respondent to file a response within 30 days of receipt of the grievance complaint. Grievance panel counsel sent a second letter to the Respondent at his registered office address on January 26, 2018, directing the Respondent to immediately file a response to the grievance complaint. The Respondent failed to respond to the grievance complaint as directed.

      This reviewing committee also considered the following:

      The Respondent testified that if a reaffirmation agreement is going to be filed, it needs to be filed during the bankruptcy proceedings and before a discharge is entered. The Respondent testified that he did not discuss filing a reaffirmation agreement with the Complainant at the time of the bankruptcy because the debt on the property was greater than the equity. The Respondent explained that if the Complainant reaffirmed the mortgage debt, she would have been personally liable for the deficiency of approximately $22,000 if she was subsequently unable to make the mortgage payments. However, if the loan was not reaffirmed, the Complainant would not be personally liable for the deficiency because it would have been discharged in the bankruptcy. The Respondent maintained that he believed it was not in the Complainant's best interest to reaffirm the loan and therefore he did not advise the Complainant of this option at the time the bankruptcy petition was being filed.

      The Respondent acknowledged that he offered to fix the matter when the Complainant contacted him in 2015. The Respondent advised this reviewing committee that he believed the

Grievance Complaint #17-0841
Decision
Page 3

Complainant's loan was in good standing because she had been making all of her mortgage payments since the discharge and that the bank's assessment that the loan was not in good standing was wrong. The Respondent testified that he was hoping to resolve the matter by speaking with a bank representative and getting them to report the Complainant's payments and consider the loan to be in good standing. The Respondent testified that he never considered pursing a reaffirmation agreement because the time for entering into that agreement had passed. The Respondent acknowledged that he did not advise the Complainant of his strategy and that he did not clarify this to the Complainant when he received her emails requesting that he pursue a reaffirmation. The Respondent testified that he made two telephone calls to the lender trying to find the appropriate representative to speak with to resolve the matter. The Respondent maintained that he was unable to speak with anyone regarding the matter.

The Respondent testified that he received a copy of the grievance complaint and did not have a good reason for his failure to respond, other than he was "busy with other work." The Respondent acknowledged that it was a mistake not to respond to the grievance complaint and that he should have stayed in closer communication with the Complainant.

Disciplinary Counsel represented to this reviewing committee that after probable cause was found by the grievance panel, she sent a letter to the Respondent on March 14, 2018 and left a voicemail message for the Respondent to contact her to discuss the grievance. The Respondent did not respond to Disciplinary Counsel's requests.

The Respondent's disciplinary history reveals that in 1997, he was suspended from the practice of law for three years in connection with a presentment proceeding. In 2013, the Respondent was reprimanded by the Statewide Grievance Committee and received a seven month suspension in connection with another presentment proceeding. In 2014, the Respondent received a four month suspension and was ordered to make restitution to two Complainants in connection with a three count presentment complaint. The Respondent was reprimanded by the court and ordered to attend a law office management course in connection with a presentment proceeding in 2015.

This reviewing committee concludes by clear and convincing evidence that the Respondent engaged in misconduct. Although the record did not substantiate a finding by clear and convincing evidence that the Respondent failed to provide the Complainant with diligent representation in connection with the bankruptcy proceeding in 2012 and 2013; it did support a finding by clear and convincing evidence that the Respondent was not diligent in his representation of the Complainant in 2015 regarding post-bankruptcy issues. The record reflects that the Respondent agreed to assist the Complainant in these matters and thereafter made only two telephone calls to the lender over a two year period. Furthermore, the Respondent acknowledged that these phone calls did not involve any substantive discussions. It appears that the Respondent took no further action. Accordingly, we find that the Respondent's representation of the Complainant during this period was dilatory, in violation of Rule 1.3 of the Rules of Professional Conduct.

Grievance Complaint #17-0841
Decision
Page 4

     With respect to the Respondent's communication with the Complainant, we conclude that the Respondent failed to adequately communicate with the Complainant during his representation of the Complainant post-bankruptcy, but that his communication with the Complainant during the bankruptcy proceedings did not rise to the level of a violation of Rule 1.4 of the Rules of Professional Conduct. We find that the Respondent's failure to advise the Complainant about the option of reaffirming her mortgage during the bankruptcy proceedings was not critical since the Complainant's mortgage on the property was greater than the equity and that entering into a reaffirmation agreement would not have been in the Complainant's best interest. Furthermore, we could not conclude by clear and convincing evidence on the record before us that the difficulty the Complainant experienced post-bankruptcy was because she had not entered into a reaffirmation agreement or because the bank was wrong in considering the loan not to be in good standing, despite the fact that the Complainant was current on her mortgage payments. The record, however, does support a finding by clear and convincing evidence that the Respondent failed to keep the Complainant reasonably informed regarding the status of his efforts to resolve the matter with the bank in 2015 and failed to promptly comply with the Complainant's requests for information during this time. The record reflects that the Respondent never advised the Complainant that he could not obtain a reaffirmation agreement after the bankruptcy discharge and that the most he could do would be to try and get the bank to consider the loan in good standing and report her mortgage payments to the credit bureau. In addition, the record reflects that the Respondent failed to respond to the Complainant's emails and other communications and when he did, he failed to provide her with any substantive information. Accordingly, we conclude that the Respondent's communication with the Complainant between 2015 and 2017 violated Rule 1.4(a)(3) and (4) of the Rules of Professional Conduct.

     Lastly, this reviewing committee concludes that the Respondent has failed to establish good cause for his failure to respond to the grievance complaint, in violation of Practice Book §2-32(a)(1). The record reflects that the Respondent received a copy of the grievance complaint as well as two additional letters from grievance panel counsel directing him to respond to the grievance complaint and that he failed to do so. The only explanation provided by the Respondent for his failure to answer the grievance complaint was that he was "busy with other work." We find that this explanation does not constitute good cause, especially in light of the Respondent's extensive disciplinary history and his familiarity with the grievance process.

     This reviewing committee is unable to conclude that the probable cause findings regarding Rules 1.4(a)(1), (2) and (5) and 8.4(4) of the Rules of Professional Conduct are applicable to the facts of this case.

     This reviewing committee concludes that the Respondent's violations of Rules 1.3 and 1.4(a)(3) and (4) of the Rules of Professional Conduct and Practice Book §2-32(a)(1) warrant a presentment, especially in light of the Respondent's disciplinary history and his failure to answer the grievance complaint and respond to Disciplinary Counsel's communications. Accordingly, we direct

Grievance Complaint #17-0841
Decision
Page 5

Disciplinary Counsel to file a presentment against the Respondent in the Superior Court for the imposition of whatever discipline the court may deem appropriate.

DECISION DATE: 6-8-18

(3)

Grievance Complaint #17-0841
Decision
Page 6

*[signature]*
Attorney William J. O'Sullivan

Grievance Complaint #17-0841
Decision
Page 7

_____
Attorney Tracie Molinaro

| | | |
|---|---|---|
| DOCKET NO. UWY-CV-18- | : | SUPERIOR COURT |
| OFFICE OF CHIEF DISCIPLINARY COUNSEL | : | J.D. OF WATERBURY |
| VS. | : | AT WATERBURY |
| SCOTT A. GARVER | : | |

## SUMMONS

**To Any Proper Officer:**

By the authority of the State of Connecticut, you are hereby commanded to summon Scott A. Garver to appear before the Superior Court in and for the Judicial District of Waterbury, 300 Grand Street, Waterbury, CT 06702, Courtroom _____ on the _____ day of _____, 2018 at _____ o'clock AM/PM, then and there to answer unto the foregoing Presentment of Attorney for Misconduct, by serving the Respondent, Scott A. Garver, a true and attested copy of the Presentment of Attorney for Misconduct, Summons, and of the Order for Hearing and Notice, in hand or at his usual place of abode at 315 Little Fawn Road, Southington, CT 06489, on or before the _____ day of _____, 2018.

Hereof fail not, but due service and return make.

Dated at Hartford, Connecticut, this _____ day of _____, 2018.

Leanne M. Larson
Commissioner of the Superior Court

Office of Chief Disciplinary Counsel
100 Washington Street
Hartford, CT 06106
Juris #422382
(Ph) 860-706-5055 (Fx) 860-706-5063